**Kerry L. MILLER, Petitioner–Appellant,**

v.

**Suzanne HASTINGS, Respondent–Appellee.**

No. 03–1438.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.[*]

Decided Jan. 14, 2004.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Kerry L. Miller, pro se, Pekin, IL, for Petitioner–Appellant.

Thomas A. Keith, Office of the United States Attorney, Peoria, IL, for Respondent–Appellee.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

## ORDER

In 2001 Kerry Miller pled guilty to two counts of possession of a firearm by a felon and was sentenced to 52 months of imprisonment. After sentencing, the district court sent him back to the Volunteers of America community treatment center (VOA) where he had been residing as a condition of his pretrial release. He resided there for 55 more days until receiving an order from the Bureau of Prisons telling him where and when to surrender for service of his sentence. Miller later filed an action under 28 U.S.C. § 2241 claiming that he is entitled to sentencing credit for the 55 days he spent at the VOA after sentencing. The district court refused, concluding that the time Miller spent at the treatment center was not creditable "official detention" under 18 U.S.C. § 3585(b). We affirm.

After being indicted for two federal firearms charges, Miller was taken into federal custody and ultimately released on bond. As a condition of his release, he was required to live at the VOA on "lockdown" status. He remained there until sentencing, and after sentencing the district court "remand[ed][him] to the custody of the marshal for transportation back to the VOA." Miller's sole argument is that he should be given credit for the time he spent at the treatment center after sentencing because it was "official detention" within the meaning of section 3585(b).

Section 3585(b) grants sentencing credit for time spent in "official detention." But the statute does not define the term, so when the Supreme Court was faced with interpreting it in *Reno v. Koray,* 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), the Court looked at a statute passed at the same time, the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* The Court ultimately concluded that Congress intended "official detention" under section 3585(b) to be limited to confinement resulting from a formal detention order entered under the Bail Reform Act. *Reno,* 515 U.S. at 57, 65. Under the Bail Reform Act a court must order a person either "released" or "detained" pending trial, imposition and execution of sentence, and appeal. 18 U.S.C. § 3141. Pretrial detention is allowed only after the court holds a hearing and finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). After a finding of guilt, there is a presumption for

detention, but a court may decide to continue a defendant's release. *Id.* § 3143. This dichotomy between release and detention used in the Bail Reform Act applies equally to section 3585(b); only defendants "detained" under the Bail Reform Act are in "official detention," and those who are "released" are not, even if the release is limited by restrictive conditions such as living in a VOA treatment center. *Reno,* 515 U.S. at 62 (noting that although a defendant "released" may be subject to the exact same conditions as one "detained," the distinction between the two statuses depends on the type of order entered by the court, not on the degree of restriction later placed upon the defendant).

Miller does not contend that the district court explicitly detained him pursuant to sections 3142 or 3143. All indications in the record suggest that his pretrial release was continued after he pled guilty and after he was sentenced. Miller argues in his petition that because he was placed in handcuffs and in a holding cell immediately following the sentencing hearing, and because the marshals brought him back to the VOA instead of letting him transport himself as he had in the past, he must have been in "official detention" after sentencing, regardless of the content of any written orders. But in *Reno* the Court explicitly rejected the idea that "official detention" is defined in terms of the degree that a person's liberty is curtailed. *Reno,* 515 U.S. at 64 ("To determine in each case whether a defendant 'released' on bail was subjected to 'jail-type confinement' would require a fact-intensive inquiry into the circumstances of confinement.... [T]he phrase 'jail-type confinement' would remain sufficiently vague and amorphous so that much the same kind of disparity in treatment for similarly situated defendants would arise.").

Miller also argues that he was in official detention following sentencing because, in his opinion, he was then subject to the control of the Bureau of Prisons. He relies on a sentence in *Reno:* "Unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' *always remain subject to the control of the Bureau."* *Id.* at 63 (emphasis in original). The meaning of this sentence is not entirely clear, but it cannot mean what Miller suggests. An interpretation that squares with the rest of the opinion is that the Court used the term "sentenced" to mean "serving a sentence." Miller's interpretation—that after the district court pronounces a sentence, any restraints on liberty must constitute "official detention" and entitle the defendant to sentencing credit—cannot be correct. That reading would be at odds with the facts and holding of *Reno.* The petitioner in *Reno* was seeking credit for time he spent in a VOA treatment center after sentencing, and the Court denied him credit for that time just as it denied him credit for the time he spent there before sentencing. *Reno* did not distinguish between time before and after sentencing in its analysis or holding.

Because Miller was "released" as that term is defined under 18 U.S.C. §§ 3141 and 3143 during the 55 days for which he seeks credit, he was not in "official detention" during that time and has no entitlement to additional sentencing credit. The judgment of the district court is AFFIRMED.